IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERESA J.,[1] | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )   No. 21 C 100 |
| v. | ) |
| | )   Magistrate Judge |
| KILOLO KIJAKAZI, Acting | )   Maria Valdez |
| Commissioner of Social Security,[2] | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Teresa J.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary remand [Doc. No. 14] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 17] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On October 7, 2015, Plaintiff filed a claim for DIB, alleging disability beginning March 13, 2015. The application was denied at the initial, reconsideration, hearing, and appeals levels of the Social Security Administration's adjudicatory process. Plaintiff then appealed to the United States District Court for the Northern District of Illinois. On August 16, 2019, the Court granted the Commissioner's agreed motion for reversal and remand. During the pendency of her civil action, Plaintiff filed a subsequent application for DIB and was found disabled as of October 28, 2017. Accordingly, in the remand of this matter, the Social Security Administration Appeals Council instructed the ALJ to consider the period from March 13, 2015 to October 27, 2017.

On February 27, 2020, the ALJ held a remand hearing. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. On March 3, 2020, the ALJ again denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Appeals Council then denied Plaintiff's request for review, leaving the ALJ's March 3, 2020 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

In the ALJ's March 3, 2020 decision, Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff did not engage in substantial gainful activity from March 13, 2015, the alleged onset date, through October 27, 2017. At step two, the ALJ concluded that, during the relevant time period, Plaintiff had the following severe impairments: degenerative disc disease; degenerative joint disease of the bilateral knees; diabetes mellitus; and obesity. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that, during the relevant time period, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work except that she was further limited to work which: permitted the use of a cane for ambulation; required no climbing of ladders, ropes, or scaffolds; required no more than occasional climbing of ramps and stairs, stooping, kneeling, crouching, and crawling; and did not involve concentrated exposure to extreme cold, vibration, or workplace hazards including unprotected heights, moving mechanical parts, and motor vehicle operation. At step four, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a billing clerk during the period from March 13, 2015 to October 27, 2017. Accordingly, the ALJ determined that Plaintiff was not disabled under the Social Security Act during the relevant time period.

## DISCUSSION

I. **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

6

**III. ANALYSIS**

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's RFC assessment is incomplete and unsupported because the ALJ failed to address Plaintiff's lower extremity edema and its attendant functional limitations; and (2) the ALJ improperly discounted Plaintiff's allegations regarding the nature and limiting effects of her subjective symptoms.

In advancing her first argument, Plaintiff contends that the ALJ erroneously failed to account for Plaintiff's asserted need to elevate her legs during the day to alleviate her edema. Pertinent to that argument, in her decision, the ALJ noted that "[i]n May 2015, an examination noted one-plus edema in the extremities." (R. 601.) The ALJ further noted that "[a] follow-up appointment for her diabetes later that month noted moderate pedal edema bilaterally." (*Id.* at 602.) The ALJ also noted that an examination in November 2015 "noted bilateral pedal edema." (*Id.*) More generally, the ALJ noted "findings of edema on physical examinations in combination with [Plaintiff's] morbid obesity." (*Id.* at 604.) Related to Plaintiff's edema, the ALJ specifically acknowledged Plaintiff's allegations that she "had edema in her legs which required her to elevate them whenever possible" and she "reported that her legs would swell whenever she was not laying down and that she needed to elevate them." (*Id.* at 600.) However, the ALJ did not otherwise address Plaintiff's reported leg elevation requirements.

7

"Although it is within the ALJ's power to decide[] whether the need to elevate one's legs is a limitation, the ALJ is obligated to explain her conclusion." *Robinson v. Colvin*, No. 13 C 1654, 2014 WL 2119270, at *8 (N.D. Ill. May 21, 2014). The ALJ erred in this case as she did not provide such an explanation related to her apparent rejection of Plaintiff's alleged need to elevate her legs. *See Thorn v. Berryhill*, No. 15 CV 50248, 2017 WL 748596, at *4 (N.D. Ill. Feb. 27, 2017) ("Plaintiff argues that the ALJ failed to consider her edema, specifically her claim that she regularly needed to elevate her legs above her heart. . . . Plaintiff believes that the need to elevate her legs above heart-level would prevent her from working. The Court agrees that the ALJ failed to adequately address this issue."). As such, the requisite logical bridge is missing. *See Bunton v. Saul*, No. 19-CV-50157, 2021 WL 2036534, at *4 (N.D. Ill. May 21, 2021) ("The ALJ's mere acknowledgement of Plaintiff's testimony and the characterization of the medical records in this case fails to build an accurate and logical bridge for excluding a leg elevation requirement."); *McCauley v. Saul*, No. 19-CV-50005, 2021 WL 1946336, at *5 (N.D. Ill. May 14, 2021) ("The ALJ does not explain how the office treatment notes contradict Plaintiff's assertion that she needed to elevate her legs daily. Without explanation, this Court cannot determine the ALJ's line of reasoning here and even if it could, federal courts cannot build the logical bridge on behalf of the ALJ."); *Charles B. v. Saul*, No. 19 C 1980, 2020 WL 6134986, at *14 (N.D. Ill. Oct. 19, 2020) ("On remand . . . [t]he ALJ further must reconsider Charles's testimony and his doctors' recommendations regarding the need for leg elevation during the relevant time

8

period. If the ALJ chooses to omit a restriction allowing for legal elevation in the RFC, she must explain why, so that the Court can conduct a meaningful review of that decision."); *Christine C. v. Saul*, No. 19-CV-1981, 2020 WL 5702144, at *3 (N.D. Ill. Sept. 24, 2020) (finding error when the "Court is left to guess how or why the ALJ discounted the need for leg elevation").

Ultimately, the ALJ's failure to address Plaintiff's asserted need to elevate her legs requires that this matter be remanded. *See Jajuan N. v. Saul*, No. 19 C 7961, 2020 WL 5439983, at *2 (N.D. Ill. Sept. 10, 2020) ("[T]he plaintiff's need to elevate his left foot throughout the day might reasonably impact his ability to secure employment. Because the ALJ did not ask the VE whether jobs existed that plaintiff could perform with his leg elevated, that error is not harmless. Accordingly, the case must be remanded for reassessment of the RFC."); *Gonzalez v. Colvin*, No. 12 CV 10262, 2014 WL 4627833, at *7 (N.D. Ill. Sept. 16, 2014) ("Here, the ALJ never evaluated Gonzalez's testimony that he needs to elevate his leg for 20 minutes four to five times a day in order to reduce swelling and associated pain in his knee. It may be that the ALJ disbelieved Gonzalez's description of his swelling, but on remand she should expressly address this claimed limitation and either explain why she rejects it or discuss how it fits into her RFC assessment.") (citations omitted).

Plaintiff also argues that the ALJ's subjective symptom evaluation is flawed. In particular, Plaintiff contends that the ALJ's analysis of her daily activities is deficient and "the ALJ failed to explain how [the] activities are inconsistent with

9

[Plaintiff's] allegations." (Pl.'s Memo. at 9.) Pertinent to that argument, the ALJ noted Plaintiff's alleged physical limitations, including that "she needed to use a cane to walk, could stand for only two minutes, and sit for only fifteen minutes before needing to change position." (R. 600.) The ALJ further noted that Plaintiff "reported that her physical pain in her back and legs limited her ability to perform activities of daily living and that she could walk only ten feet before needing to stop and rest." (*Id.*) In finding Plaintiff's statements concerning her alleged symptoms inconsistent, the ALJ reasoned as follows:

> The claimant's reported activities of daily living during the period at issue are not entirely consistent with her alleged symptoms or limitations. For example, the claimant reported that while it takes her longer than usual to dress, she otherwise had no problems with personal care, and did not need reminders for personal needs or grooming. Though she reported needing breaks, she also indicated that she could prepare her own meals and drive a car. Despite alleging significant pain, she did not report problems with concentration, and indicated that she could pay attention for quite a while, follow instructions, pay bills, handle a savings account, use a checkbook, and spend time on the telephone or computer daily as well as attend family functions.

(*Id.* at 601 (citations omitted).)

With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, as to daily activities, the ALJ must "explain the 'inconsistencies' between [a claimant's] activities of daily living . . . complaints of pain, and the medical evidence." *Charles B.*, 2020 WL 6134986 at *12 (citation omitted). *See also Rainey v. Berryhill*, 731 F. App'x 519, 522 (7th Cir. 2018) ("While an ALJ may consider daily activities when assessing the claimant's

10

credibility, the ALJ must also explain how the claimant's activities are inconsistent with medical evidence.") (citations omitted). Put differently, the ALJ must "adequately explain how Plaintiff's ability to perform his daily activities undermined his allegations of disability." *Steven L. v. Saul*, No. 19-CV-6047, 2021 WL 1531603, at *2 (N.D. Ill. Apr. 19, 2021). A level of specificity is required, and the ALJ must explain why a claimant's "daily activities are inconsistent with his specific symptom allegations." *Donte A. R. v. Saul*, No. 19 C 2363, 2020 WL 7241066, at *8 (N.D. Ill. Dec. 9, 2020) (citations omitted).

In this case, the Court agrees with Plaintiff that the ALJ's credibility determination vis-à-vis Plaintiff's activities of daily living was insufficiently supported. The ALJ did not adequately explain how, for instance, Plaintiff's ability to pay bills and use a phone contradicts Plaintiff's allegations of difficulties with walking, standing, and sitting. *See Charles B.*, 2020 WL 6134986 at *12 ("The ALJ here did not explain how Charles's having custody of his kids, feeding his dog, shopping for groceries, or talking to others daily was inconsistent with his claims of having severe chest pain, swelling and pain in his left leg, and depression."); *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) ("Although [the ALJ] briefly described Villano's testimony about her daily activities, he did not, for example, explain whether Villano's activities were consistent or inconsistent with the pain and limitations she claimed."). As Plaintiff points out, she did not allege difficulties with paying attention, following instructions, paying bills, or talking on the phone and these activities do not reflect on the critical physical limitations Plaintiff alleges.

11

Accordingly, the inadequacy of the ALJ's symptom analysis is another error that requires that this matter be remanded. *See Steven L.*, 2021 WL 1531603 at *4 ("On remand, the ALJ should more fully analyze Plaintiff's activities of daily living and whether they are in fact inconsistent with his disability claim, taking care to explain how his daily activities truly (or not) equates to the ability to perform work at a level necessary for competitive employment."); *Pearline P. v. Saul*, No. 17 C 8996, 2020 WL 370187, at *8 (N.D. Ill. Jan. 22, 2020) ("On remand, the ALJ should . . . provide a sufficient explanation about how his assessment of Claimant's activities of daily living inform his ultimate decision as to what level of work, if any, Claimant is capable of performing.").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary remand [Doc. No. 14] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 17] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**   **ENTERED:**

**DATE:   May 9, 2023**   _____
  **HON. MARIA VALDEZ**
  **United States Magistrate Judge**

12